*S. R. Ten Eyck,* for the appellants.

*John Brooks Leavitt,* for the respondent.

Opinion by BARTLETT, J.; VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment and order appealed from affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* JOHN McGRATH, APPELLANT.

*Right of a person, struck by another, to beat the latter — it must be shown that the beating was necessary for the defense and protection of the former.*

APPEAL from a judgment of the Court of General Sessions, convicting the defendant of the crime of manslaughter in the second degree.

The defendant was convicted of the crime of manslaughter in the second degree, under section 193 of the Penal Code. The offense was committed in a saloon on the 25th of October, 1886. The defendant was of the age of twenty-three years, while John McKeagney, the person who was killed, was of the age of fifty-four years. ' Evidence was given upon the trial from which the jury could have found that McKeagney was in conversation with another person in the saloon, and made remarks in the hearing of the defendant which were offensive to him. He then, without any conversation with the deceased, replied in a still more offensive manner to those remarks; and the deceased then said to him, after the remarks had been repeated and the defendant had approached him, " If you say that again, old man as I am, I will strike you." Then the evidence tended to show that the defendant opened his mouth and McKeagney struck him with his fist over the right eye. The defendant testifies that he struck him twice. The proof tended to show that the defendant immediately struck McKeagney with his hand, and then turned around and hit him under the right jaw, knocking him down, and his head struck upon the floor. He struck with so much violence as to fracture his skull, and McKeagney became at once unconscious and remained

in that condition until he died, about the hour of seven o'clock on the following morning. His death was caused by compression of the brain from hemorrhage.

The court at General Term said : " It has been earnestly contended by the counsel for defendant, that he was justified in striking McKeagney as he did, inasmuch as the latter was the first aggressor in the blows which were given. But the jury could very well find from the evidence laid before them that there was no necessity for the defendant striking McKeagney, and that he invited or brought the occasion upon himself, which was made the excuse for the blows given by him to the deceased. There was no absolute disposition on his part to strike the defendant, but he expressed his intention to do so only in case the latter repeated the remark he had previously made. There was not the slightest reason or necessity for that repetition. He would naturally understand from what was said, that there was no disposition to strike him unless he did repeat the offensive language he had previously used. He was fully made aware of what the inclination of the deceased was, and that he was in no danger of the least act of violence from him unless he himself repeated the preceding aggravation, and in that manner invited or occasioned the blows he received and which were made the excuse for returning those inflicted upon McKeagney. What he seems to have desired was to obtain an excuse for striking this man, who was so much older than himself as probably to be an unequal match for him. He had no reason for fear or apprehension. And if he had not aggravated the deceased by opening his mouth and in that manner showing a disposition to repeat the words, no striking would probably have taken place between these persons. And when the defendant himself may be the cause of the assault made upon him, and has intentionally provoked it, he cannot afterwards excuse himself for inflicting needless violence upon the person of the other party. What the law requires to justify a person beating another, as the defendant did McKeagney, is that the beating shall appear to be necessary for his own defense and protection. (*Elliott* v. *Brown*, 2 Wend., 497 ; *Scribner* v. *Beach*, 4 Denio, 448 ; *Keyes* v. *Devlin*, 3 E. D. Smith, 518 ; *Shorter* v. *People*, 2 Comst., 193 ; *People* v. *Sullivan*, 3 Seld., 396.) There was no such occasion or necessity as these authorities require for the strik-

ing of McKeagney by the defendant, and as would excuse the act on the ground of self-defense. At least the case was very properly one for the jury, upon the evidence stating the transaction which had taken place." * * *

*Adolphus D. Pape* for the appellant.

*Randolph B. Martine,* district attorney, for the respondent.

Opinion by DANIELS, J.; VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed.

---

EMIL STADELMAN, RESPONDENT, *v.* FRANCIS LOEHR AND CHARLES JABURG, APPELLANTS.

*The temporary insanity of one partner does not authorize the other partner to make a general assignment.*

APPEAL from an order continuing an injunction and appointing a receiver in this action.

The plaintiff and the defendant Charles Jaburg were engaged in business as copartners. The plaintiff attended to the business in the city of New York, and Jaburg traveled about the country obtaining orders for it. The plaintiff was placed in the Bloomingdale asylum as an insane person, on the 13th of May, 1887, and discharged on the eighth of June, of the same year. His partner returned to the city of New York, and finding the affairs of his business to be such, in his judgment, as to justify the act, he on the 14th of May, 1887, made a general assignment for the benefit of creditors to his co-defendant in this action. Two or three days preceeding the assignment, and while he states he did not consider it to be necessary, he delivered to the assignee goods of the partnership amounting in value to the sum of $1,500 in payment of his own individual indebtedness, and which after the assignment it is stated to have been agreed should by means of their proceeds be added to the assigned property.

The court at General Term said: "The court considering this assignment to be either fraudulent or made without authority, and the disagreement of the partners to be such as to require that to be